[No. B155539. Second Dist., Div. Seven. Mar. 17, 2003.]

STEVE GRYCZMAN, Plaintiff and Appellant, v.
4550 PICO PARTNERS, LTD., et al., Defendants and Appellants.

**COUNSEL**

Howard S. Fredman for Plaintiff and Appellant.

Dan Glaser for Defendants and Appellants.

**OPINION**

**JOHNSON, J.**—Plaintiff Steve Gryczman alleges defendant 4550 Pico Partners, Ltd. (Pico) conveyed certain real property to a second defendant, Kital-Pico, LCC., without affording him notice and opportunity to exercise his right of first refusal as required by a contract between him and Pico. The trial court dismissed the action on the ground it was barred by the applicable statute of limitations. Finding this is an appropriate case to apply the delayed discovery rule,[1] and triable issues of fact exist as to whether plaintiff exercised due diligence in discovering the breach of contract, we reverse.

FACTS AND PROCEEDINGS BELOW

The facts with respect to the statute of limitations issue are undisputed.

Pico entered into a written contract with plaintiff's assignor, Builder's Depot, Inc., giving Builder's Depot the right of first refusal to purchase certain real property owned by Pico on the same terms contained in any bona

---

[1]*April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 828-833 [195 Cal.Rptr. 421] (*April Enterprises*).

fide offer from a third party which Pico was willing to accept. Builder's Depot assigned this contract to plaintiff.

Under the contract, plaintiff was entitled to written notice from Pico "[u]pon Pico's receipt of a bona fide offer . . . from any third party to purchase all or any part of the property or any interest therein."

On November 22, 1996, Pico entered into an option agreement with defendant Kital-Pico, LLC. (Kital-Pico), to purchase all or a portion of the subject property.

On December 9, 1996, the option agreement, or a memorandum thereof, was recorded.

On February 14, 1997, Pico conveyed the subject property to Kital-Pico and a grant deed was recorded the same day.

In late 2000 plaintiff learned of the conveyance when he chanced to drive by the property and noticed the store which had been there was closed. Plaintiff made some inquiries through a title company and eventually learned "somebody did me in."

On January 23, 2001, plaintiff filed a complaint against Pico and Kital-Pico for breach of contract and declaratory relief.

Defendants moved for summary judgment on the ground the complaint was barred by the four-year statute of limitations applicable to an action for breach of a written contract.[2]

For purposes of the motion defendants conceded neither plaintiff nor his assignor, Builder's Depot, ever received the notice required under the contract for right of first refusal; plaintiff was never given the opportunity to purchase the property on the terms by which it was sold to Kital-Pico; and Pico transferred the property to Kital-Pico in violation of plaintiff's right of first refusal.

The trial court granted defendants' motion for summary judgment, denied their motion for attorney fees and entered judgment for defendants. Plaintiff filed a timely appeal. Defendants filed a timely cross-appeal seeking an attorney fee award.

I. *The Delayed Discovery Rule Applies to the Facts of This Case.*

In *April Enterprises* we held "the discovery rule may be applied to breaches [of contract] which can be, and are, committed in secret and,

---

[2]Code of Civil Procedure section 337, subdivision 1.

moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time."[3] The plaintiff in *April Enterprises* sued inter alia for breach of contract after the defendant erased videotapes of a television show produced by the plaintiff. The videotapes were in the exclusive custody and control of the defendant and even the defendants' employees did not know for sure when they were erased.[4] Under such circumstances, we explained, it is unreasonable to expect a contracting party "to continually monitor whether the other party is performing some act inconsistent with one of the many possible terms in a contract . . . especially . . . when the breaching party can commit the offending act secretly, within the privacy of its own offices."[5]

We find the rationale of *April Enterprises* applicable here. Indeed, this is an even stronger case for applying the delayed discovery rule because Pico not only breached the contract "within the privacy of its own offices" but the act which constituted the breach—failure to give notice of the option offer—was the very act which prevented plaintiff from discovering the breach.

Defendants contend the delayed discovery rule is only applicable to causes of action involving fraud, professional negligence or breach of a fiduciary duty, none of which is present here. We disagree.

In *April Enterprises* we specifically extended the discovery rule beyond the plaintiff's breach of fiduciary duty cause of action to encompass its breach of contract cause of action as well.[6] We did so because we found "[a] common thread seems to run through all the types of actions where courts have applied the discovery rule."[7] The strands of that thread are: "[t]he injury or the act causing the injury, or both, have been difficult for the plaintiff to detect"; "the defendant has been in a far superior position to comprehend the act and the injury"; and "the defendant had reason to believe the plaintiff remained ignorant he had been wronged."[8] Thus we concluded application of the discovery rule was not governed by the presence of deliberate concealment or a heightened level of duty to the plaintiff but by two overarching principles: "[P]laintiffs should not suffer where circumstances prevent them from knowing they have been harmed" and

---

[3] *April Enterprises, supra*, 147 Cal.App.3d at page 832.
[4] *April Enterprises, supra*, 147 Cal.App.3d at page 832 and footnote 15.
[5] *April Enterprises, supra*, 147 Cal.App.3d at page 832.
[6] *April Enterprises, supra*, 147 Cal.App.3d at page 828.
[7] *April Enterprises, supra*, 147 Cal.App.3d at page 831.
[8] *April Enterprises, supra*, 147 Cal.App.3d at page 831.

"defendants should not be allowed to knowingly profit from their injuree's ignorance."[9]

Here the act causing the injury would have been "difficult for the plaintiff to detect" because, as previously noted, the failure to give plaintiff notice of the happening of a certain event is both the act causing the injury and the act that caused plaintiff not to discover the injury. Defendants had reason to believe "plaintiff remained ignorant he had been wronged" since they concede for purposes of the summary judgment motion they never provided plaintiff with notice of the option offer.

Defendants also argue the delayed discovery rule should not apply here because the memorandum of the option was a recorded document readily available to plaintiff at all times. Even if the recorded memorandum did not contain all the information required in the contractual notice, they argue it was sufficient to put him on inquiry as to whether Pico had received an offer on the property or had conveyed the property in violation of his contractual right of first refusal.

The fact defendants recorded the memorandum of option does not make the delayed discovery rule inapplicable as a matter of law. The rule applies when the injury or the act causing the injury is "difficult" for the plaintiff to detect, not impossible.[10] Furthermore, we cannot say as a matter of law plaintiff had a duty to continually monitor public recordings to determine whether defendant Pico had accepted an offer on the property inconsistent with the terms of the first-refusal contract especially when Pico's duty to give plaintiff personal notice of such an offer was one of the terms bargained for in the contract.

We conclude, therefore, the running of the statute of limitations was tolled until such time as plaintiff knew or should have known of the wrongful conduct at issue.[11]

II. *Triable Issues of Fact Exist as to Whether Plaintiff Exercised Due Diligence in Discovering the Breach of Contract.*

 Where as here a defendant moving for summary judgment shows, as an affirmative defense, the applicable limitations period ran out before the complaint was filed and the plaintiff relies on the delayed discovery rule the plaintiff has the burden "to show that a triable issue of one of more material

[9]*April Enterprises, supra,* 147 Cal.App.3d at page 831.
[10]*April Enterprises, supra,* 147 Cal.App.3d at page 831.
[11]*April Enterprises, supra,* 147 Cal.App.3d at page 832.

facts exists as to that . . . defense . . . ."[12] The issue which must be shown to be triable is whether plaintiff exercised due diligence in discovering the breach of the right of first refusal.[13]

In support of his claim of due diligence plaintiff produced evidence he gave Pico notice in April 1993 the right of first refusal had been assigned to him and provided Pico with his address. Although Pico presented evidence it sent a written notice of the option offer to plaintiff's address plaintiff showed the envelope containing the notice was directed to Builder's Depot and the return address was not that of Pico but of an attorney in Tarzana. Plaintiff testified he never saw the notice, and the envelope containing it was returned unopened. He explained he did not open the envelope because he was not an officer or shareholder in Builder's Depot. Plaintiff further testified he first learned Pico may have breached the right of first refusal "in late 2000" when he happened to drive by the property and saw the store which had been there was closed. This caused him to inquire into the status of the property and discover Pico had conveyed it in violation of the contract. Plaintiff filed suit against Pico on January 23, 2001.

Based on plaintiff's evidence and the nature of the breach as discussed in part I above we are persuaded that at a minimum reasonable minds could differ as to the sufficiency of plaintiff's diligence in discovering Pico's breach of contract and therefore whether plaintiff exercised reasonable diligence under the circumstances is a question of fact for a jury to decide.[14]

## DISPOSITION

The judgment is reversed. Appellant is awarded his costs on appeal.

Perluss, P. J., and Woods, J., concurred.

---

[12]Code of Civil Procedure section 437c, subdivision (p)(2).

[13]See *April Enterprises, supra,* 147 Cal.App.3d at pages 832-833.

[14]Because we conclude the trial court erred in granting summary judgment we do not address defendants' cross-appeal from the denial of attorney fees.