**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>           Plaintiff - Appellant,<br><br>  v.<br><br>COMPANIA MEXICANA DE AVIACION S.A., doing business as Mexicana Airlines,<br><br>           Defendant - Appellee. | No. 08-55553<br><br>D.C. No. 2:07-cv-07196-R-RC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted May 5, 2009
Pasadena, California

Before: RYMER, KLEINFELD and SILVERMAN, Circuit Judges.

Sanchez filed suit, on behalf of herself and a proposed class, against

Mexicana alleging it unlawfully charged and collected a Mexican tax when she

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

purchased a ticket for a flight from California to Mexico. The district court granted summary judgment to Mexicana because Sanchez's claims are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b), fail to state a contract claim, are time-barred, and she lacks standing to bring the claims on her own behalf and on behalf of her proposed class. We agree the claims are time-barred and thus affirm on that basis; it is therefore unnecessary to reach the other issues presented.

The applicable statute of limitations is four years. Cal. Code Civ. P. § 337(1). Sanchez concedes she filed her complaint more than four years after she bought the ticket. "California courts have often stated the maxim that 'in ordinary tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action. The plaintiff's ignorance of the cause of action does not toll the statute.'" *April Enters., Inc. v. KTTV*, 195 Cal. Rptr. 421, 432 (Cal. App. 1983) (internal alterations omitted) (quoting *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 491 P.2d 421 (Cal. 1971)). We reject Sanchez's argument for application of the "discovery rule" to toll the statute of limitations. Mexicana did not charge Sanchez for the tax in secret (it was listed as a separate item on her ticket) and Sanchez reasonably could have discovered the alleged unlawful conduct before the statute of limitations

expired. *See Gryczman v. 4550 Pico Partners, Ltd.*, 131 Cal. Rptr. 2d 680, 682 (Cal. App. 2003); *April Enters.,* 195 Cal. Rptr. at 437.

AFFIRMED.