(December 5, 2017)

■ Deutsche Bank National Trust Company, Respondent, v Barclays Bank PLC, Appellant. Deutsche Bank National Trust Company, Respondent, v HSBC Bank USA, National Association, Appellant. [66 NYS3d 472]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered November 27, 2015, which, in each of the above-captioned actions, to the extent appealed from as limited by the briefs, denied each defendant's motion to dismiss the surviving cause of action for breach of contract on the ground of the statute of limitations, unanimously reversed, on the law, with costs, and the motion granted. In each action, the Clerk is directed to enter judgment for defendant dismissing the complaint.

In 2013, plaintiff commenced the two above-captioned actions, each solely in plaintiff's capacity as trustee of one of two trusts. In each action, plaintiff asserts, as relevant to this appeal, a cause of action for breach of contract based on each defendant's alleged breaches of the representations and warranties it had made in connection with the sale, in 2007, of the residential mortgage-backed securities that are pooled in the relevant trust. Each defendant moved to dismiss the action against it, arguing, in pertinent part, that, because plaintiff's principal place of business is in California, plaintiff's contrac-

tual claim is barred by California's four-year statute of limitations, pursuant to the borrowing statute (CPLR 202), although it is conceded that the claims would be timely under New York's six-year statute of limitations (CPLR 213 [2]). Upon defendants' respective appeals from Supreme Court's denial of this aspect of their motions, we reverse.[1]

CPLR 202 requires that an action brought by a nonresident plaintiff, "based upon a cause of action accruing without the state," be timely under the respective statutes of limitations of both New York and "the place without the state where the cause of action accrued." In *Global Fin. Corp. v Triarc Corp.* (93 NY2d 525, 529-530 [1999]), the Court of Appeals set forth the general rule that, in cases where (as here) the alleged injury is purely economic, a cause of action is deemed, for purposes of CPLR 202, to have accrued in the jurisdiction of the plaintiff's residence.

Plaintiff, a California domiciliary, argues that the plaintiff-residence rule of *Global Financial*—a case in which the plaintiff was a corporation suing to recover for an injury to itself—should not be applied here, where plaintiff is suing solely in its capacity as trustee of the subject trusts. Rather, plaintiff argues that we should apply the multi-factor test used in *Maiden v Biehl* (582 F Supp 1209 [SD NY 1984]), which also dealt with a trustee-plaintiff, to determine where the injury occurred. However, we need not decide whether the plaintiff-residence rule or the multi-factor test applies in this context because, even under the multi-factor test, we find that the injury/economic impact was felt in California and the claims are thus deemed to have accrued there.

Initially, it is undisputed that the domiciles of the trust beneficiaries, which are in various jurisdictions, do not provide a workable basis for determining the place of accrual. As to the New York choice-of-law clauses of the relevant agreements, because these provisions do not expressly incorporate the New York statute of limitations, they "cannot be read to encompass that limitations period" (*Portfolio Recovery Assoc., LLC v King*, 14 NY3d 410, 416 [2010]). By contrast, the subject trust in each action comprises a pool of mortgage loans, originated by California lenders and encumbering California properties, either exclusively (in the Barclays case) or predominantly (in the HSBC case), and, as previously discussed, administered in Cal-

---

1. Although Supreme Court dismissed certain of plaintiff's claims in each action, plaintiff has not taken an appeal.

ifornia by plaintiff, a California-based trustee.[2] Further, it is undisputed that the relevant pooling and servicing agreement (PSA) for each trust contemplates the payment of state taxes, if any, in California.[3] To the extent the physical location of the notes memorializing the securitized mortgage loans has relevance to the analysis, each trust's PSA contemplates that the notes may be maintained in California, but neither contemplates maintaining the notes in New York.[4]

We agree with defendants that the claims are barred by the California's four-year statute of limitations for contract actions (Cal Civ Proc Code § 337). As previously noted, the alleged breaches of representations and warranties occurred in 2007, when allegedly nonconforming mortgage loans were deposited into the trust pools, and these actions were not commenced until 2013. Under California law, plaintiff's claims for the alleged breaches accrued "at the time of the sale" (*Mary Pickford Co. v Bayly Bros.*, 12 Cal 2d 501, 521, 86 P2d 102, 112 [1939]). Although plaintiff seeks to enforce the repurchase protocol under the relevant agreements, its failure to demand cure or repurchase until after the expiration of four years from the original breach did not serve to extend the statute of limitations (*Meherin v San Francisco Produce Exch.*, 117 Cal 215, 217, 48 P 1074, 1075 [1897]; *Taketa v State Bd. of Equalization*, 104 Cal App 2d 455, 460, 231 P2d 873, 875 [1951]). Moreover, under New York law, which, pursuant to the choice-of-law clauses, governs substantive matters, the contractual provisions for demand under the repurchase protocol are not conditions precedent to suit for a preexisting breach (*see ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Struc-*

---

**2.** While plaintiff argues that each defendant selected the (exclusively or predominantly) California mortgages to be pooled in the trust at its New York office, such operations are irrelevant to determining where the injury to the trust corpus was sustained (*see Global Fin.*, 93 NY2d at 528 ["plaintiff's cause of action accrued where it sustained its alleged injury"]).

**3.** Although it is undisputed that the trusts have not incurred any state tax liability, it may be inferred from plaintiff's contractual acknowledgment that each trust is subject to the tax regime of California that the situs of each trust corpus—and thus of any injury to that trust corpus—is California.

**4.** Specifically, the PSA in the HSBC case provides that the notes may be maintained in California, Minnesota or Utah, and the PSA in the Barclays case provides that the notes may be maintained only in California, unless the rating agencies permit them to be maintained in another state. It is undisputed that, in fact, the HSBC notes are maintained in Minnesota and the Barclays notes are maintained in California. We note that, contrary to plaintiff's argument, the certificates of interest in the trust held by its beneficiaries are irrelevant to the analysis because such certificates are not part of the trust corpus.

*tured Prods., Inc.*, 25 NY3d 581, 597 [2015]). Nor do any of the relevant agreements expressly waive or extend the statute of limitations. Plaintiff's claims are not saved by California's discovery rule, inasmuch as the record establishes that plaintiff reasonably could have discovered the alleged breaches within the limitation period, based on information in the prospectuses, the underwriting and default information it received after the closing (*cf. April Enters., Inc. v KTTV*, 147 Cal App 3d 805, 832, 195 Cal Rptr 421, 437 [1983] [a discovery rule may apply in contract cases where "breaches will not be *reasonably* discoverable by plaintiffs until a future time" (emphasis added)]). Finally, whether a California court would apply New York's statute of limitations is irrelevant to the analysis under CPLR 202, which demands application of the shorter of the two limitation periods at issue (*see Ledwith v Sears, Roebuck & Co.*, 231 AD2d 17, 24 [1st Dept 1997] ["CPLR 202 is to be applied as written, without recourse to a conflict of law analysis"]). Concur—Friedman, J.P., Richter, Moskowitz, Gische and Kapnick, JJ.