20-4068-cv (L)
*Homeward Residential, Inc. v. Sand Canyon Corp.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            DENNY CHIN,
                    *Circuit Judges.*

---

HOMEWARD RESIDENTIAL, INC., SOLELY IN ITS
CAPACITY AS MASTER SERVICER FOR THE OPTION
ONE MORTGAGE LOAN TRUST 2006-2, FOR THE
BENEFIT OF THE TRUSTEE AND THE HOLDERS OF
OPTION ONE MORTGAGE LOAN TRUST 2006-2
CERTIFICATES,

|  |  |
|---|---|
| *Plaintiff-Appellant,* | 20-4068-cv (L) |
| | 20-4069-cv (Con) |
| v. | |

SAND CANYON CORPORATION, FKA OPTION ONE
MORTGAGE CORPORATION,

*Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**     STEPHEN R. BLACKLOCKS (Brian V.
Otero, Michael Kruse, *on the brief*), Munton
Andrews Kurth LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:**                   MICHAEL CALHOON (Julie B. Rubenstein, Elizabeth Parker, Brian Kerr, Evan A. Young, *on the brief*), Baker Botts L.L.P., Washington, DC, New York, NY, and Austin, TX, James K. Goldfarb, Daniel T. Brown, Murphy & McGonigle, P.C., New York, NY and Washington, DC.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 9, 2020 order and judgment of the District Court be and hereby are **AFFIRMED.**

The two consolidated cases in this appeal both involve Residential Mortgage-Backed Securities ("RMBS") transactions. In each transaction (the so-called "2006-2" and "2006-3" securitizations), Defendant Sand Canyon Corporation ("Sand Canyon"), formerly Option One Mortgage Corporation ("One Option"), originated home loans and entered into Mortgage Loan Purchase Agreements ("MLPAs") with its wholly-owned subsidiary One Option Mortgage Acceptance Corporation ("OOMAC"). Under those MLPAs, Sand Canyon sold home loans to OOMAC in exchange for approximately $1.5 billion and made representations and warranties to OOMAC concerning the loans. OOMAC then entered into simultaneous Pooling and Servicing Agreements ("PSAs"), under which it agreed to deposit the loans into two trusts (the "Trusts") and convey its rights under the MLPAs to Wells Fargo Bank, N.A., ("Wells Fargo"), the Trustee for the Trusts. Wells Fargo conveyed certificates to OOMAC representing ownership interests in the Trusts, and those certificates were then sold to investors ("Certificateholders").

Since April 2008, Plaintiff Homeward Residential, Inc. ("Homeward") has been the "Master Servicer" of the Trusts, with the obligation to enforce the representations and warranties made by Sand Canyon under the MLPAs. The Trusts sustained large losses during the financial crisis, and in 2012 Homeward filed two lawsuits against Sand Canyon for breach of contract, one concerning the 2006-2 securitization, and the other concerning the 2006-3 securitization. Following lengthy motion practice and discovery, the District Court ordered the two cases consolidated. The parities cross-moved for summary judgment, and the District Court granted Sand Canyon's motion on the grounds that Homeward's claims were time-barred. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

"We review a district court's grant of summary judgment de novo, resolving all ambiguities and drawing all reasonable factual inferences in favor of the party against whom summary judgment

is sought." *Eastman Kodak Co. v. Henry Bath LLC*, 936 F.3d 86, 93 (2d Cir. 2019) (internal quotations and alterations omitted).

This appeal turns on the proper application of New York's "Borrowing Statute," New York Civil Practice Law and Rules ("CPLR") 202, which provides:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

We are informed by New York's highest court that this means that "when a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued." *Deutsche Bank Nat'l Tr. Co. v. Barclays Bank PLC*, 34 N.Y.3d 327, 334 (2019) (internal quotations and alterations omitted). The question, then, is: where did Homeward's breach-of-contract claims accrue?

This question is resolved by the "plaintiff residence rule" as articulated and applied in *Deutsche Bank*: "[W]hen an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss." *Id.* at 335 (quoting *Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529 (1999)). Here, Homeward brought suit in its capacity as Master Servicer, pursuant to its obligation to enforce the representations and warranties made by Sand Canyon under the MLPAs. Homeward is a Texas resident,[1] and Texas has a four-year statute of limitations for breach-of-contract claims. *See Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citing TEX. CIV. PRAC. & REM. CODE § 16.051). Homeward sued in 2012, more than four years after the MLPAs were signed. *See ACE Sec. Corp. v. DB Structured Prod., Inc.*, 25 N.Y.3d 581, 598 (2015) (holding that a breach of representations and warranties in the RMBS context occurs "the moment the MLPA [i]s executed."). Therefore, Homeward's claims are time-barred under CPLR 202.[2]

---

[1] Homeward does not dispute below or on appeal that it is a Texas resident. Special App'x 10; 12-cv-5067 Dkt. No. 409-155 at § 19.

[2] The District Court declined to decide whether the plaintiff residence rule applied, concluding instead that Homeward's claims would be time-barred *whether or not* the rule applied. Special App'x 11. We are "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied," *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (citation omitted), and we apply the plaintiff residence rule adopted by the *Deutsche Bank* majority. Nevertheless, we note, as did the District Court, that the rule espoused by the dissenting judges would not help Homeward. That rule "would look to the residence of the party that possessed the breach claims at the moment they

Homeward argues that it did not exist until 2007 and that the claims thus could not have accrued to it in 2006. Appellant's Br. 20. Therefore, Homeward argues, the plaintiff residence rule cannot apply, and this case must be one of the exceptions that *Deutsche Bank* contemplates, in which "an economic loss *may* be sustained in a place other than where the plaintiff resides." *Deutsche Bank,* 34 N.Y.3d at 337 (emphasis added).

But this argument ignores the fact that Homeward is suing in a representative capacity, on behalf of the Certificateholders who actually sustained the economic injury. This was also the situation in *Deutsche Bank*, where Deutsche Bank sued on behalf of trusts in its capacity as trustee, and did not itself sustain any real economic injury as a result of the alleged breach. *See id.* at 333. In other words, *neither* Deutsche Bank nor Homeward was economically injured at the moment of accrual. If this had prevented the *Deutsche Bank* court from applying the plaintiff residence rule, perhaps Homeward's supposed non-existence at the moment of accrual in this case would be material.[3] But the *Deutsch Bank* court held exactly the opposite: that *despite* the fact that Deutsche Bank "did not suffer real economic loss," *id.*, it was still "authorized to enforce, on behalf of the certificateholders, the representations and warranties in the relevant agreements," and "[a]ccordingly, it [wa]s appropriate . . . to look to plaintiff's residence as the place where the economic injury was sustained and, consequently, where plaintiff's causes of action accrued for purposes of CPLR 202." *Id.* at 339. Just so here.

The application of the plaintiff residence rule in *Deutsche Bank* was said to "support[] CPLR 202's goal of predictability and certainty of uniform application to litigants" and that this was "especially true" for "representative actions" undertaken on behalf of "numerous, geographically-dispersed beneficiaries"—namely, RMBS trust certificateholders. *Id.* (internal quotation marks omitted). Those same considerations—as clearly articulated by the New York Court of Appeals—weigh in favor of our application of the plaintiff residence rule. They militate strongly against

---

accrued, namely OOMAC." Special App'x 11; *see also Deutsche Bank*, 34 N.Y.3d at 343 (Wilson, *J.*, dissenting). OOMAC is a resident of California, which has a four-year statute of limitations subject to only narrow exceptions. *See* CAL. CIV. PROC. CODE § 337(a); *Gryczman v. 4550 Pico Partners, Ltd.*, 131 Cal. Rptr. 2d 680, 681 (Ct. App. 2003) (explaining that California tolls the breach of contract statute of limitations under the discovery rule where the breaches are "committed in secret"); *April Enterprises, Inc. v. KTTV*, 195 Cal. Rptr. 421, 437 (Ct. App. 1983) (same, and explaining that the discovery rule will only apply in "rather unusual breach of contract actions"). Both the majority and the dissent in *Deutsche Bank* rejected the kind of complex analysis proposed by Homeward in favor of clear rules, under either of which Homeward's claims would be time-barred.

[3] The parties dispute whether Homeward actually existed under some corporate form at the time of accrual. *Compare* Appellant's Br. 20 *with* Appellee's Br. 12-13. Because we conclude, based on *Deutsche Bank*, that this dispute is immaterial, we need not resolve it.

4

Homeward's argument that the claims accrued to Wells Fargo as Trustee, a conclusion Homeward arrives at essentially by a multistep process of elimination. *See* Appellant's Br. 30.

Next, Homeward argues that even if Texas law applies, its claims are saved by tolling Texas's statute of limitations under the discovery rule. Appellant's Br. 53-55; *see Deutsche Bank*, 34 N.Y.3d at 339 (explaining that CPLR 202 "import[s the foreign] jurisdiction's limitations period, along with the extensions and tolls applied in the foreign state." (internal quotation marks omitted)). Texas recognizes a "very limited exception to statutes of limitations, which defers the accrual of the cause of action until the injury was or could have reasonably been discovered." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929-30 (Tex. 2011) (internal quotation marks omitted). Texas "appl[ies] the discovery rule when the nature of the injury is *inherently undiscoverable* and the evidence of injury is objectively verifiable." *Archer v. Tregellas*, 566 S.W.3d 281, 290 (Tex. 2018) (emphasis added). "An injury is inherently undiscoverable when it is unlikely to be discovered within the prescribed limitations period despite due diligence." *Id.* (internal quotation marks omitted).

Here, at a minimum, Wells Fargo as Trustee "reasonably could have discovered the alleged breaches within the limitation period, based on information in the prospectuses, the underwriting and default information it received after the closing." *Deutsche Bank Nat'l Tr. Co. v. Barclays Bank PLC*, 156 A.D.3d 401, 404 (1st Dep't. 2017), *aff'd*, 34 N.Y.3d 327 (2019) (rejecting a similar discovery rule argument and declining to toll the California statute of limitations); *see also* App'x 124-25, 378-79 (PSAs §§ 2.01) (listing the documents conveyed to the Trustee under the PSAs); *id.* 127, 381 (PSAs §§ 2.02) ("[T]he Trustee acknowledges receipt of the documents referred to in Section 2.01"). The cases Homeward relies on to argue that there was "no reason, absent red flags" to investigate Sand Canyon's representations may absolve Homeward or Wells Fargo of *liability* associated with the alleged breaches. *See, e.g.*, *Indust-Ri-Chem Lab'y, Inc. v. Par-Pak Co.*, 602 S.W.2d 282, 290 (Tex. Civ. App. 1980) ("The buyer has a right to rely on the seller's warranty, thus obviating any duty by the buyer to anticipate that the seller has not adhered to his warranty."). But this does not transform the injury at issue into the type of injury that Texas law considers "inherently undiscoverable." *See Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 735 (Tex. 2001) ("[W]e determine whether an injury is inherently undiscoverable on a categorical basis.").

## CONCLUSION

We have reviewed all of the arguments raised by Homeward on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 9, 2020 order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5